MAYER BROWN LLP
ARCHIS A. PARASHARAMI (SBN 321661)
*aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 263-3000
Facsimile:   (202) 263-3300

JILLIAN C. JOSEPH (SBN 307856)
*jjoseph@mayerbrown.com*
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Defendant
AT&T CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN N. GOMEZ and NORMA R. GOMEZ, individually, and behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-05381<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(D), 1441, 1446, 1453]**<br><br>(Los Angeles Superior Court Case No. 20STCV17780)<br><br>Date Action Filed:    May 6, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS ADRIAN N. GOMEZ AND NORMA R. GOMEZ:

PLEASE TAKE NOTICE that defendant AT&T Corp. ("AT&T") hereby removes the state-court action described below to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## I. INTRODUCTION

1. On May 6, 2020, plaintiffs Adrian N. Gomez and Norma R. Gomez (collectively, "Plaintiffs") filed a putative class action in Los Angeles Superior Court entitled "*Adrian N. Gomez and Norma R. Gomez, individually, and on behalf of other members of the general public similarly situated, Plaintiff vs. AT&T Corp.; and DOES 1 through 10, inclusive, Defendant,*" Case No. 20STCV17780.

2. As set forth below, this Court has jurisdiction over this putative class action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and so the action may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

## II. REMOVAL IS TIMELY

3. On May 18, 2020, AT&T was served with the summons, complaint, civil case cover sheet, civil case cover sheet addendum and statement of location (certificate of grounds for assignment to courthouse location), and notice of case assignment. A true and correct copy of those documents are attached as Exhibit A.

4. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

5. That requirement is met here because this notice of removal has been filed before June 17, 2020, the 30th day after the summons, complaint, and other

case-opening documents were served on AT&T on May 18, 2020. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("the 30-day period for removal runs" from the date that "the summons and complaint are served together").

### III.    REMOVAL JURISDICTION

6.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* § 1453(b).

7.     CAFA confers district courts with original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and "any member of [the] class of plaintiffs is a citizen of a state different from any defendant." *Id.* § 1332(d)(2)(A). As set forth below, this action satisfies each of CAFA's requirements.

**Covered Class Action**

8.     This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure[.]" *Id.* § 1332(d)(1)(B). Plaintiffs allege that they bring this action "on behalf of themselves and all others similarly situated, and thus, seek[] class certification under California Rules of Civil Procedure." Compl. ¶ 56.

**Class Action Consisting of More Than 100 Members**

9.     In the complaint, plaintiffs seek certification of the following putative class: "All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California which had a two year price guarantee, and whose price guarantee was removed prior to two years." Compl. ¶ 57. Plaintiffs further allege that "the proposed class is composed of thousands of persons," and that "thousands of consumers have issued complaints

online about similar experiences" arising from the alleged unlawful conduct of AT&T. *Id.* ¶¶ 54, 61. Accordingly, the "number of members of all proposed plaintiff classes in the aggregate" is greater than 100, as required by 28 U.S.C. §§ 1332(d)(5)(B).

**Minimal Diversity**

10. To satisfy CAFA's minimal diversity requirement, "any member of [the] class of plaintiffs" must be "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here.

11. Plaintiffs allege they are both citizens of California. Compl. ¶¶ 21-22.

12. By contrast, AT&T is not a California citizen. Rather, AT&T is a corporation incorporated in New York with its headquarters and principal place of business in New Jersey. *Id.* ¶ 23. Accordingly, AT&T is a citizen of New York and New Jersey. 28 U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business") ; *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the principal place of business of a corporation is generally the location of its "headquarters").

13. CAFA's minimal diversity requirement is satisfied because Plaintiffs are citizens of California, while AT&T is a citizen of New York and New Jersey.

**Amount in Controversy**

14. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Although AT&T denies the claims alleged in the complaint and that Plaintiffs or any putative class members are entitled to any relief, the amount in controversy here exceeds CAFA's threshold.

15. In the complaint, Plaintiffs allege that they "and others similarly situated purchased or attempt[ed] to purchase" AT&T's "home internet, television, and telephone services." Compl. ¶¶ 3-4.

16. Plaintiffs allege that AT&T represented through "written advertisement" that the services "would be offered at a certain locked-in price for two years," but "[i]n reality, after twelve (12) months, [AT&T] removes those credits and charge[s] consumers significantly more than the two year locked in price that was represented." *Id.* ¶ 11. Specifically, Plaintiffs allege that the "normal price" was $115 per month, but they were supposed to receive a discount of $51 per month under the terms of the two-year promotion. *Id.* ¶ 31. Plaintiffs allege that, after 13 months of the 24-month promotion period, they were charged "double" the advertised price that was communicated to them at the time they agreed to purchase AT&T's services. *See id.* ¶¶ 12, 32-33.

17. Seeking to represent a putative class of "all consumers" in California who, in the last four years, purchased one or more of Defendants home internet, telephone, video and/or television services under a two-year price guarantee and whose price guarantee was removed prior to the end of the two-year period, (*see id.* ¶ 57), Plaintiffs assert three claims for alleged violations of: (1) California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (3) the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*). *Id.* ¶¶ 72-100.

18. Plaintiffs request, *inter alia*, actual damages, statutory enhanced damages, and attorneys' fees and costs. *Id.* ¶ 103. Plaintiffs also seek an injunction. *Id.* ¶¶ 18, 103.

19. In other words, Plaintiffs seek to require AT&T to refund all amounts they contend were overcharges to California consumers who purchased home internet, telephone, television, and/or video services. *See id.* ¶¶ 54, 57.

20. When "[t]he Plaintiff has alleged that the putative class has been billed for unauthorized charges," which "would include both authorized and unauthorized charges," the "amount in controversy" under CAFA "comprises the total billings and the jurisdictional amount is satisfied" if those total billings are greater than $5 million. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). That is because "'[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's [actual] liability.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis*, 627 F.3d at 400).

21. The total billings involving the AT&T services in this case exceed CAFA's $5 million threshold.[1]

22. In sum, although AT&T denies Plaintiffs' allegations and any liability whatsoever, taking the allegations in the complaint as true, the amount in controversy exceeds CAFA's $5 million threshold.[2]

**IV.  VENUE IS PROPER**

23. The district and division embracing where the State Court action is pending is the Western Division of this Court. *See* 28 U.S.C. §§ 84(c) and 1441(a).

**V.  NOTICE TO PLAINTIFF AND STATE COURT**

24. Promptly after the filing of this notice of removal in this Court, written

---

[1] In addition, Plaintiffs' requests for injunctive relief, statutory attorneys' fees, and statutory enhanced damages (Compl. ¶¶ 18, 103) would properly be counted as part of the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract").

[2] In the event of a dispute over removal, AT&T reserves the right to submit evidence. As the Supreme Court has explained, a "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "need not contain evidentiary submission[s]." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 87 (2014); *Fritsch*, 899 F.3d at 788.

notice of such filing will be given to Plaintiffs, and a copy of this notice of removal, including exhibits, will be filed with the Los Angeles County Superior Court Clerk, as required by 28 U.S.C. § 1446(d).

25. AT&T intends no admission of liability by this notice of removal and expressly reserves all defenses and motions—including the right to move to compel Plaintiffs to resolve their disputes in arbitration on an individual basis.

Dated: June 17, 2020

MAYER BROWN LLP
ARCHIS A. PARASHARAMI
JILLIAN C. JOSEPH

By: */s/ Archis A. Parasharami*
    Archis A. Parasharami

Attorneys for Defendant
AT&T CORP.