# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/18/2020
CT Log Number 537683147

**TO:** Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

**RE:** **Process Served in California**

**FOR:** AT&T Corp.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Adrian N. Gomez and Norma R. Gomez, etc., Pltf. vs. AT&T CORP., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV17780 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/18/2020 at 12:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2020, Expected Purge Date: 05/29/2020<br><br>Image SOP<br><br>Email Notification,  Jill M Calafiore  jcalafiore@att.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / VS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5-19-20 @ 1115

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T CORP.; and DOES 1 through 10, inclusive,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Adrian N. Gomez and Norma R. Gomez, individually, and on behalf of other members of the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

CASE NUMBER:
*(Número del Caso):* 20STCV17780

111 N Hill St,

Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Law Offices of Todd M. Friedman, PC,
21550 Oxnard St., Ste. 780, Woodland Hills, CA 91367, 323-306-4234

| DATE: | MAY 0 6 2020 | SHERRI R. CARTER | Clerk, by | Kristina Vargas | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **AT&T CORP**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5 - 18 - 20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  Meghan E. George (SBN 274525)
   Thomas E. Wheeler (SBN 308789)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St. Suite 780,
4  Woodland Hills, CA 91367
   Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   mgeorge@toddflaw.com
7  twheeler@toddflaw.com
8  *Attorneys for Plaintiffs, and all others similarly situated*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

9
10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA
11                    FOR THE COUNTY OF LOS ANGELES
12                        UNLIMITED JURISDICTION

13  Adrian N. Gomez and Norma R. Gomez,      Case No.  **20STCV17780**
    individually, and on behalf of other
14  members of the general public similarly   **CLASS ACTION COMPLAINT**
    situated,
15                                            (1)  Violation of the California False
              Plaintiff,                            Advertising Act (Cal. Business &
16                                                  Professions Code §§ 17500 *et seq.*) and
              vs.                              (2)  Violation of Unfair Competition Law
17                                                  (Cal. Business & Professions Code
    AT&T CORP.; and DOES 1 through 10,             §§ 17200 *et seq.*)
18  inclusive,                                (3)  Violation of Consumer Legal Remedies
                                                   Act (Cal. Civ. Code §§ 1750 *et seq.*)
19            Defendant.
20
21                                            **Amount to Exceed $25,000**
22                                            **Jury Trial Demanded**
23
24
25
26
27
28

                        CLASS ACTION COMPLAINT

Plaintiffs Adrian N. Gomez and Norma R. Gomez ("Plaintiffs"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this class action Complaint against Defendant AT&T Corp. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its products and services in written advertisements and orally on the phone and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2.     Defendant is a corporation with principal place of business in Connecticut and state of incorporation in Delaware and is engaged in the sale and distribution of home internet, television, and telephone service.

3.     Defendant represents through its phone sales agents that certain internet, television, and telephone services will be provided at a particular price when this is in fact false. In addition, Defendant represents to its consumers that there will be no installation charges, activation fees or other miscellaneous fees other than the advertised price of its service plans when this is in fact false as well. Defendant misrepresented and falsely advertised to Plaintiffs and others similarly situated consumers these home internet, television, and telephone services (hereinafter "Class Products").

4.     Plaintiffs and others similarly situated purchased or attempt to purchase these Class Products.

5.     Defendant's misrepresentations to Plaintiffs and others similarly situated caused them to purchase these home internet, television, and telephone services, which Plaintiffs and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes, including the Unfair Competition Law and False Advertising Laws.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6. Consumers purchase home television services advertised to be a certain price.

7. Consumers rely on the representations and advertisements of retailers in order to know which communication services to purchase. Price and features are important and material to consumers at the time they sign up for services with a particular service providers, as consumers are sensitive to the costs they pay for these services, compared to what they could purchase from a competitor service provider.

8. Defendant is engaged in the manufacture, marketing, supplying and distributing of services at a higher price and of a different quality than advertised and including additional fees that are not disclosed at the time consumers sign up for services.

9. When consumers sign up for services with a service provider, they reasonably believe that they will be billed at a rate that is equal to the price that was advertised and disclosed at the time they agree to initiate a relationship with the service provider.

10. Defendant profits from the sale of the services at a higher price, at which many of the consumers would not have purchased these services, or would have chosen to purchase services from a competitor.

11. In particular, Defendant represented through written advertisement that its DirecTV services ("the Class Products") would be offered at a certain locked-in price for two years, which is reflected on consumers monthly billing statements as monthly credits. In reality, after twelve (12) months, Defendant removes those credits and charge consumers significantly more than the two year locked in price that was represented.

12. In the case of Plaintiffs, the services purchased were twice as expensive as the advertised price that was communicated to Plaintiffs at the time they agreed to purchase said services.

13. Defendant conceals the fact that its home services are not going to be provided at the advertised price, in order to deceive consumers into paying more than they agreed to for the same level of service.

14.     Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

15.     Defendant makes oral and written representations to consumers which contradict the actual price of the home services that will be billed after the consumer signs up for service.

16.     The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

17.     Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

18.     On behalf of the class, Plaintiffs seek an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose all hidden fees in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

19.     All claims in this matter arise exclusively under California law.

20.     This matter is properly venued in the Superior Court for the County of Los Angeles, in that Plaintiffs purchased the Class Products from Defendant in Los Angeles County and Defendant provided the Class Products to Plaintiffs in that location.

## THE PARTIES

21.     Plaintiff Adrian N. Gomez is a citizen and resident of the State of California, County of Los Angeles.

22.     Plaintiff Norma R. Gomez is a citizen and resident of the State of California, County of Los Angeles.

23.     Defendant AT&T Corp. is a New York corporation with its principle place of business located and headquartered in New Jersey.  Defendant's State of Incorporation is in New York.

24.     Plaintiffs are informed and believe, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

25.     Plaintiffs are informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

26.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFFS' FACTS

27.     In or around December of 2016, Plaintiffs viewed a promotional advertisement by Defendant offering a two year price guarantee on certain services if a contract was entered into.

28.     Based on this advertisement, Plaintiffs called Defendant who confirmed through multiple agents that there were two year contracts with price guarantees for the entire period for DirecTV home television offered by AT&T.

29.     In particular, Defendant represented that Plaintiffs would be charged $67.29 before taxes and fees per month for two years for Defendant's DirecTV Choice package.

30.     Based on these representations, Plaintiffs agreed to purchase Defendant's Class Products.

31.     On each monthly bill Plaintiffs received, it noted that the normal price was $115, but that Plaintiffs were receiving $41 off and $10 off this price, with an indication that this was month x of 24 for the discount.

32.     However, on January 27, 2018, the 14th month of the two year plan, Plaintiffs received a bill which contained none of the promotional discounts which were supposed to last until the 24th month.

33.     Plaintiffs contacted Defendant and requested they honor the agreed to and advertised price lock, but Defendant refused and continued to charge Plaintiffs approximately double of the agreed to price.

34.     Plaintiffs relied on the statements of Defendant as to the cost of their Class Products, in deciding to sign up for service with Defendant in exchange for valuable consideration.

35.     For the Class Products, Plaintiffs paid more than valuable consideration. Plaintiffs relied on the fact that the television plan was being advertised for a particular price for two years. Plaintiffs were never informed, in writing, orally, or in any conspicuous manner, that the two year promotion was actually only effective for thirteen (13) months.

36.     Plaintiffs relied on Defendant's statements about the cost of the Class Products in deciding to purchase services from Defendant over other competitors. Plaintiffs felt assured that since Defendant provided them with a specific cost of Class Products, and failed to disclose that the two year locked in promotion was not for two years, that they would be charged the price that was advertised. Plaintiffs would not have agreed to sign up for Class Products with Defendant if they had known that Defendant would charge them a higher price than was represented, for the services.

37.     The charging of additional fees is a material term that would have been very important to Plaintiffs' decision to sign up for services with Defendant, and would have impacted their decision to purchase Class Products from Defendant over other brands of service. Plaintiffs would have found it important to their purchase decision to know exactly what they were going to be charged for service, and believed that they knew that amount to be the amounts indicated on the phone by Defendant's representatives prior to purchase.

38.     Despite these facts, when Plaintiffs received their fourteenth monthly bill,

1    Plaintiffs were charged greatly in excess of the amount represented by Defendant.

2         39.    Plaintiffs felt ripped off and cheated by Defendant, for being charged and billed

3    for rates that were greatly in excess of the agreed to rates. Plaintiffs believe that Defendant will

4    continue its action of attempting to collect amounts from Plaintiffs and others that are not owed,

5    unless Defendant's practices are halted by way of an injunction.

6         40.    As a result of Defendant's fraudulent billing practices, described herein,

7    Plaintiffs have suffered emotional distress, wasted time, and anxiety. Plaintiffs have also been

8    subjected to collection efforts to collect an amount of money from Plaintiffs that they do not

9    owe. Plaintiffs have suffered a restitutionary harm in so far as Defendant may initiate legal

10   action against Plaintiffs to recover these amounts not owed, and has indicated, through its

11   actions, that it intends to collect on such balance. Plaintiffs bring this case to prevent Defendant

12   from taking such action, and to preserve their rights, to recover these amounts, through billing

13   credits and/or equivalent monetary compensation that will offset these improperly billed sums

14   of money.

15        41.    Plaintiffs allege on information and belief that Defendant fail to honor their two

16   year rate promotions and instead prematurely cancel the locked in rate and charge customers a

17   significantly higher rate. Plaintiffs assert that this practice constitutes both a material

18   misrepresentation and a fraudulent omission of a material fact relating to the cost of Class

19   Products, that would be important to a reasonable consumer to know at the time they sign up

20   for services with Defendant.

21        42.    Plaintiffs allege on information and belief that Defendant's policy and practice

22   is to materially misrepresent the price of its services, through said fraudulent omissions and

23   misrepresentations, to induce consumers to reasonably rely on the price of service, in order to

24   induce their purchase of services from Defendant over law abiding competitors.

25        43.    Defendant has a duty to disclose the full cost of services to consumers, prior to

26   the time that they agree to purchase services from Defendant. Defendant has a duty to disclose

27   these material terms, because such terms would be highly important to a reasonable consumer,

28

because a failure to disclose such terms would have the effect of drastically and unexpectedly elevating the price of Defendant's Class Products for consumers, and because Defendant binds consumers to contracts of terms, thereby preventing consumers from easily getting out of their obligations with Defendant.

44.     Upon learning that the television service plan was priced higher than Plaintiffs anticipated, Plaintiffs felt ripped off and cheated by Defendant.

45.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

46.     Defendant expressly represented to Plaintiffs, through written and oral statements, the price of its products and services.

47.     Plaintiffs allege that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Class Products.

48.     In purchasing the Class Products, Plaintiffs relied upon Defendant's representations.

49.     Such representations were clearly false because the prices of the products and services offered by Defendant were at a higher rate than represented.

50.     Plaintiffs would not have purchased the products and services if they knew that the above-referenced statements made by Defendant were false.

51.     Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiffs would not have purchased the Class Products.

52.     Plaintiffs agreed to give their money, attention and time to Defendant because of the price that the Class Products were orally advertised at.  Defendant benefited from falsely advertising the prices of the Class Products.  Defendant benefited on the loss to Plaintiffs and provided nothing of benefit to Plaintiffs in exchange.

53.     Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the Class Products would have believed that it was the price promised in the advertisement.

54.     On information and belief, thousands of consumers have issued complaints online about similar experiences with Defendant prematurely ending its two year price guarantees and charging prices significantly in excess of the represented price, and attempting to bill them for hundreds of dollars more than they agreed to pay for services. It is this practice that Plaintiffs seeks to put an end to by public injunctive relief, and recover compensation for Class members.

55.     Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into making payments in excess of the agreed to price for Class Products.

## CLASS ACTION ALLEGATIONS

56.     Plaintiffs brings this action, on behalf of themselves and all others similarly situated, and thus, seeks class certification under California Rules of Civil Procedure.

57.     The class Plaintiffs seek to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California which had a two year price guarantee, and whose price guarantee was removed prior to two years.

58.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

59.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

60.     Plaintiffs reserve the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

61.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

62.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

63.   Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

64.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

     (a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiffs and other Class Members;

     (b)   Whether Defendant made oral or written misrepresentations with respect to the Class Products sold to consumers;

     (c)   Whether Defendant profited from the sales of Class Products;

     (d)   Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and Cal. Civ. C. § 1750 *et. Seq.*;

     (e)   Whether Plaintiffs and Class Members are entitled to equitable and/or injunctive relief;

     (f)   Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class Members; and

     (g)   The method of calculation and extent of damages for Plaintiffs and Class Members.

65.   Plaintiffs are each a member of the class they seek to represent.

66.   The claims of Plaintiffs are not only typical of all class members, they are identical.

67.   All claims of Plaintiffs and the Class are based on the exact same legal theories.

68.   Plaintiffs have no interest antagonistic to, or in conflict with, the Class.

69.   Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiffs bought Class Products from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiffs'

CLASS ACTION COMPLAINT

1   claims are typical of all Class Members as demonstrated herein.

2       70.     Plaintiffs will thoroughly and adequately protect the interests of the class, having

3   retained qualified and competent legal counsel to represent themselves and the class.

4       71.     Common questions will predominate, and there will be no unusual manageability

5   issues.

6                           **FIRST CAUSE OF ACTION**

7                   **Violation of the California False Advertising Act**

8                      **(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

9       72.     Plaintiffs incorporate by reference each allegation set forth above.

10      73.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it

11  is unlawful to engage in advertising "which is untrue or misleading, and which is known, or

12  which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or]

13  to so make or disseminate or cause to be so made or disseminated any such statement as part of

14  a plan or scheme with the intent not to sell that personal property or those services, professional

15  or otherwise, so advertised at the price stated therein, or as so advertised."

16      74.     California Business and Professions Code section 17500, *et seq.*'s prohibition

17  against false advertising extends to the use of false or misleading written statements.

18      75.     Defendant misled consumers by making misrepresentations and untrue

19  statements about the Class Products, namely, Defendant sold Class Products advertised as

20  having a two year price guarantee and then prematurely canceling prior to the two year

21  expiration date, and made false representations to Plaintiffs and other putative class members

22  in order to solicit these transactions.

23      76.     Defendant knew that its representations and omissions were untrue and

24  misleading, and deliberately made the aforementioned representations and omissions in order

25  to deceive reasonable consumers like Plaintiffs and other Class Members.

26      77.     As a direct and proximate result of Defendant's misleading and false advertising,

27  Plaintiffs and the other Class Members have suffered injury in fact and have lost money or

28

property, time, and attention.  Plaintiffs reasonably relied upon Defendant's representations regarding the Class Products.  In reasonable reliance on Defendant's false advertisements, Plaintiffs and other Class Members purchased the Class Products.  In turn, Plaintiffs and other Class Members ended up with or attempted to obtain services that turned out to actually be more expensive than advertised, and therefore Plaintiffs and other Class Members have suffered injury in fact.

78.    Plaintiffs allege that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

79.    The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.  Plaintiffs seek the public remedy of public injunctive relief to prevent Defendant from continuing to engage in its injurious practices against California Consumers.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

80.    Plaintiffs incorporate by reference each allegation set forth above.

81.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the

1  alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause

2  substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct

3  created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of

4  unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

6  82.    California Business & Professions Code § 17200 prohibits any "unfair . . .

7  business act or practice." Defendant's acts, omissions, misrepresentations, and practices as

8  alleged herein also constitute "unfair" business acts and practices within the meaning of the

9  UCL in that its conduct is substantially injurious to consumers, offends public policy, and is

10  immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any

11  alleged benefits attributable to such conduct. There were reasonably available alternatives to

12  further Defendant's legitimate business interests, other than the conduct described herein.

13  Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts

14  or practices. Such conduct is ongoing and continues to this date.

15  83.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

16  injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

17  competition; and, (3) is not one that consumers themselves could reasonably have avoided.

18  84.    Here, Defendant's conduct has caused and continues to cause substantial injury

19  to Plaintiffs and members of the Class. Plaintiffs and members of the Class have suffered injury

20  in fact due to Defendant's decision to sell them falsely described Class Products and then charge

21  them a significantly higher rate after locking Plaintiffs into contracts. Thus, Defendant's

22  conduct has caused substantial injury to Plaintiffs and the members of the Class.

23  85.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant

24  while providing no benefit of any kind to any consumer. Such deception utilized by Defendant

25  convinced Plaintiffs and members of the Class that the Class Products were a certain price, in

26  order to induce them to spend money on said Class Products. In fact, knowing that Class

27  Products were not this price, Defendant unfairly profited from their sale. Thus, the injury

28

Page 12

CLASS ACTION COMPLAINT

22

1   suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing
2   benefits to consumers.

3       86.     Finally, the injury suffered by Plaintiffs and members of the Class is not an injury
4   that these consumers could reasonably have avoided.  After Defendant falsely represented the
5   Class Products, Plaintiffs and Class members suffered injury in fact due to Defendant's sale of
6   Class Products to them.  Defendant failed to take reasonable steps to inform Plaintiffs and Class
7   members that the Class Products were not at the advertised price.  As such, Defendant took
8   advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the
9   Class members to purchase Class Products for a higher price and of a different quality.
10  Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which
11  these consumers could reasonably have avoided.

12      87.     Thus, Defendant's conduct has violated the "unfair" prong of California Business
13  & Professions Code § 17200.

14                                **FRAUDULENT**

15      88.     California Business & Professions Code § 17200 prohibits any "fraudulent ...
16  business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a
17  consumer must allege that the fraudulent business practice was likely to deceive members of
18  the public.

19      89.     The test for "fraud" as contemplated by California Business and Professions
20  Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a §
21  17200 violation can be established even if no one was actually deceived, relied upon the
22  fraudulent practice, or sustained any damage.

23      90.     Here, not only were Plaintiffs and the Class members likely to be deceived, but
24  these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact
25  that Plaintiffs agreed to purchase Class Products under the basic assumption that they cost a
26  certain price when in fact they were much more expensive.  Plaintiffs' reliance upon
27  Defendant's deceptive statements is reasonable due to the unequal bargaining powers of
28

1   Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business
2   practice would deceive other members of the public.

3       91.     As explained above, Defendant deceived Plaintiffs and other Class Members by
4   representing the Class Products as including the described price and quality, and thus falsely
5   represented the Class Products.

6       92.     Thus, Defendant's conduct has violated the "fraudulent" prong of California
7   Business & Professions Code § 17200.

8                                   **UNLAWFUL**

9       93.     California Business and Professions Code Section 17200, et seq. prohibits "any
10  unlawful...business act or practice."

11      94.     As explained above, Defendant deceived Plaintiffs and other Class Members by
12  representing the Class Products as being a lower price and of a different quality than they were.

13      95.     Defendant used false advertising, marketing, and misrepresentations to induce
14  Plaintiffs and Class Members to purchase the Class Products, in violation of California Business
15  and Professions Code Section 17500, et seq. and Cal. Civ. C. §1750 et. seq.. Had Defendant
16  not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class
17  Members would not have purchased the Class Products. Defendant's conduct therefore caused
18  and continues to cause economic harm to Plaintiffs and Class Members.

19      96.     These representations by Defendant is therefore an "unlawful" business practice
20  or act under Business and Professions Code Section 17200 et seq..

21      97.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts
22  entitling Plaintiffs and Class Members to judgment and equitable relief against Defendant, as
23  set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code
24  section 17203, Plaintiffs and Class Members seek an order requiring Defendant to immediately
25  cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant
26  to correct its actions.

27

28

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**(Cal. Civ. Code § 1750 *et seq.*)**

98.     Plaintiffs incorporate by reference each allegation set forth above herein.

99.     Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

    b.   Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

    c.   Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

    d.   Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

100.     On or about December 20, 2019, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendant. Defendant has not favorably replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein. In addition, Plaintiffs will file a venue affidavit in compliance with the CLRA.

**MISCELLANEOUS**

101.     Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to

1  bringing this action or that all such obligations or conditions are excused.

2  **REQUEST FOR JURY TRIAL**

3  102.   Plaintiffs requests a trial by jury as to all claims so triable.

4  **PRAYER FOR RELIEF**

5  103.   Plaintiffs, on behalf of themselves and the Class, requests the following relief:

6  (a)   An order certifying the Class and appointing Plaintiffs as Representatives
7  of the Class;

8  (b)   An order certifying the undersigned counsel as Class Counsel;

9  (c)   An order requiring AT&T CORP., at its own cost, to notify all Class
10  Members of the unlawful and deceptive conduct herein;

11  (d)   An order requiring AT&T CORP. to engage in corrective advertising
12  regarding the conduct discussed above;

13  (e)   Actual damages suffered by Plaintiffs and Class Members from the sale
14  of misbranded Class Products during the relevant class period;

15  (f)   Any and all statutory enhanced damages;

16  (g)   All reasonable and necessary attorneys' fees and costs provided by
17  statute, common law or the Court's inherent power;

18  (h)   Pre- and post-judgment interest; and

19  (i)   All other relief, general or special, legal and equitable, to which Plaintiffs
20  and Class Members may be justly entitled as deemed by the Court.

21

22  Dated: May 6, 2020                    Respectfully submitted,

23                    LAW OFFICES OF TODD M. FRIEDMAN, PC

24

25                    By:

26                    TODD M. FRIEDMAN, ESQ.
                      Attorney for Plaintiffs

27

28

Page 16

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Ste. 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiffs, Adrian N. Gomez and Norma R. Gomez | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 06 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Kristina Vargas, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
ADRIAN N. GOMEZ et. al. v. AT&T CORP. et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **20STCV17780** |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 6, 2020

Todd M. Friedman
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

27

| SHORT TITLE: GOMEZ v. AT&T CORP. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES   CLASS ACTION? ✓YES   LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL  5-7   HOURS/✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: GOMEZ v. AT&T CORP. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☒ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

29

| SHORT TITLE: GOMEZ v. AT&T CORP. | CASE NUMBER | |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|

**Judicial Review**

| | | |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |

**Provisionally Complex Litigation**

| | | |
|---|---|---|
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |

**Enforcement of Judgment**

| | | |
|---|---|---|
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |

**Miscellaneous Civil Complaints**

| | | |
|---|---|---|
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |

**Miscellaneous Civil Petitions**

| | | |
|---|---|---|
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

30

| SHORT TITLE: GOMEZ v. AT&T CORP. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: Whittier | STATE: CA    ZIP CODE: 90603 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: May 6, 2020_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.3
LASC Approved 03-04                    **AND STATEMENT OF LOCATION**                    Page 4 of 4

31

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT
### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
**05/06/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By. _____ K. Vargas _____ Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
20STCV17780

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/11/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By K. Vargas _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**